UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAXITO PEAN,<br><br>　　　　　Defendant. | Case No. 14-CR-00543-LHK-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 68 |

Before the Court is a motion to dismiss filed by Defendant Maxito Pean ("Pean" or "Defendant"). ECF No. 68 ("Mot."). The Court finds this motion appropriate for resolution without a hearing and thus VACATES the hearing set for December 16, 2015, at 9:45 a.m. A status conference is hereby set for December 16, 2015, at 9:45 a.m. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Pean's motion to dismiss.

On October 29, 2014, a federal grand jury returned a sixteen count indictment against Pean. ECF No. 1 ("Indictment"). In Pean's motion to dismiss, Pean argues that (1) Count 1 fails to allege a federal offense, (2) Count 1 is duplicitous, (3) Counts 1 through 5 fail to allege a federal offense, (4) Counts 1 through 5 are multiplicitous, and (5) because Counts 1 through 5

1

Case No. 14-CR-00543-LHK-1
ORDER DENYING MOTION TO DISMISS

1    must be dismissed, the remaining counts in the indictment must also be dismissed. The Court
2    reviews these arguments in turn.

3          First, with respect to whether Count 1 fails to allege a federal offense, Pean contends that
4    18 U.S.C. § 1349 "does not define any offense for which a defendant can be indicted, but merely
5    describes the penal sanctions available to one convicted of violat[ing] some other, unnamed,
6    statute." Mot. at 2. The Court disagrees. Every federal court to have considered this question has
7    determined that 18 U.S.C. § 1349, which imposes liability for conspiracy to commit wire fraud, is
8    a "freestanding criminal charge" and not simply a penalty provision. *United States v. Anderson*,
9    558 F. App'x 454, 461 (5th Cir. 2014); *see also United States v. Fishman*, 2015 WL 845586, *14
10   (N.D. Okla. Feb. 25, 2015). Consonant with the reasoning of these courts, the Court denies Pean's
11   motion to dismiss Count 1 for failure to allege a federal offense.

12         Second, Count 1 is not duplicitous. "Duplicity is the joining in a single count of two or
13   more distinct and separate offenses." *United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir.
14   1976). Here, Count 1 charges Pean with violating a single offense: 18 U.S.C. § 1349, conspiracy
15   to commit wire fraud. According to the indictment in the instant case, Pean played a central role
16   in a wire fraud and an intertwining money laundering scheme. Pean worked with various
17   individuals to commit wire fraud, and then Pean helped illicitly launder funds through various
18   bank accounts. If these allegations are true, a reasonable fact finder could determine that Pean
19   conspired to commit wire fraud (Count1) and that Pean committed money laundering (Counts 7
20   through 16).

21         Third, Pean argues that Counts 1 through 5 insufficiently allege the commission of a
22   federal offense. In essence, Pean contends that the indictment does no more than show that Pean
23   was an unwitting money mule, rather than an active participant in the wire fraud and money
24   laundering schemes. The Court finds these contentions inappropriate to resolve on a motion to
25   dismiss. Under the government's theory of the case, Pean actively participated and helped drive
26   the criminal schemes in question. According to the government, Pean confessed to his role in
27   these schemes during a phone interview on November 14, 2014. ECF No. 69 at 6. On the other
28

hand, Pean argues that he did not commit wire fraud or money laundering, and that the government's inability to identify all of Pean's alleged co-conspirators strengthens Pean's case. These are conflicting narratives that should be resolved by a reasonable fact finder at trial, not by the Court in a pretrial motion to dismiss.

Fourth, Counts 1 through 5 are not multiplicitous.  Counts 2 through 5 charge Pean with aiding and abetting the commission of wire fraud, while Count 1 charges Pean with conspiring to commit wire fraud.  According to Pean, "there is no difference between conspiring to commit wire fraud, and aiding and abetting someone to commit wire fraud."  Mot. at 7.  The Court disagrees. Defendants are frequently charged and convicted for both aiding and abetting wire fraud and conspiring to commit wire fraud.  As the Ninth Circuit explained in *United States v. Balthazor*, 491 F. App'x 811, *1 (9th Cir. 2012), the elements necessary to prove these offenses differ from one another.  Conspiracy, for instance, requires evidence of an agreement and evidence that the conspirators "knew or had reason to know of the scope of the conspiracy."  *Id.*  There is no such requirement for aiding and abetting liability.  *Id.*; *see also United States v. Garcia*, 400 F.3d 816, 818 n.2 (9th Cir. 2005) (stating the four elements necessary to prove aiding and abetting liability).

Finally, the Court declines to dismiss the remaining counts in Pean's indictment. Essentially, Pean contends that venue in this district is improper because, absent Counts 1 through 5 of the indictment, all remaining counts in the indictment "involve actions taken outside the Northern District of California."  Mot. at 14.  However, because the Court has denied Pean's motion to dismiss Counts 1 through 5, which do involve actions taken in the Northern District of California, the Court finds dismissal of the remaining counts of Pean's indictment unwarranted.

For the foregoing reasons, Pean's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated:  December 14, 2015

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

3
Case No. 14-CR-00543-LHK-1
ORDER DENYING MOTION TO DISMISS